UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

PRECONFIRMATION MODIFIED
CHAPTER 13 PLAN

In Re:

JEFFREY J. PEARSON

Dated: December 19, 2005

DEBTOR
*In a joint case,
debtor means debtors in this plan.*

Case No. 05-49572

1. **PAYMENTS BY DEBTOR —**
   a. As of the date of this plan, the debtor has paid the trustee $550.
   b. **The debtor will pay the trustee $850 per month**, beginning December, 2005, for a period not to exceed 35 months in order to pay the amounts indicated in ¶ 3, 4, 5, 6, 7, 8, and 9.
   c. The debtor will also pay the trustee $N/A.
   d. The debtor will pay the trustee a total of $30,300, or all claims in full, whichever is less.

2. **PAYMENTS BY TRUSTEE** — The trustee will make payments only to creditors for which proofs of claim have been timely filed, make payments monthly as available, and collect the trustee's percentage fee of a maximum of 10% for an estimated total of $1,970 or such lesser percentage as may be fixed by the Attorney General.

3. **PRIORITY CLAIMS** — The trustee shall pay in full all timely filed claims entitled to priority under § 507, including the following. The amounts listed are estimates only. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $1,250 | $515 | 1 | 3 | $1,250 |
| b. Internal Revenue Service | | | | | |
| c. MN Dept. of Revenue | | | | | |
| d. | | | | | |
| e. TOTAL | | | | | $1,250 |

4. **LONG-TERM SECURED CLAIMS NOT IN DEFAULT** — The following creditors have secured claims. Payments are current and the debtor will continue to make all payments which come due after the date the petition was filed directly to the creditors. The creditors will retain their liens.
   a. N/A
   b.

5. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5)]** — The trustee will cure defaults **AT NO INTEREST** on claims secured only by a security interest in real property that is the debtor's principal residence as filed. The debtor will maintain the regular payments which come due after the date the petition was filed. The creditors will retain their liens. The amounts of default and payment schedule are estimates only. If no default is stated, the trustee will pay the actual amounts of default in an amount sufficient to cure arrears within 24 months.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. U.S. Bank | $10,000 | $476 | 3 | 21 | $10,000 |
| b. | | | | | |
| c. | | | | | |
| d. TOTAL: | | | | | $10,000 |

Local Form 602 (required by Local Rule 602)

Chapter 13 Plan

6. **OTHER LONG-TERM SECURED CLAIMS IN DEFAULT [§ 1322 (b)(5)]** — The trustee will cure defaults (plus interest at the rate of 8 per cent per annum) on other claims as follows and the debtor will maintain the regular payments which come due after the date the petition was filed. The creditors will retain their liens. The amounts of default and payment schedule are estimates only. The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. N/A | | | | | |
| b. | | | | | |
| c. TOTAL | | | | | |

7. **OTHER SECURED CLAIMS [§ 1325(a)(5)]** — The trustee will make payments to the following secured creditors having a value as of confirmation not to exceed the allowed amount of the creditor's secured claim with interest as shown. The creditor's allowed secured claim shall be the creditor's allowed claim or the value of the creditor's interest in the debtor's property, whichever is less. The creditors shall retain their liens. Each secured claim is designated a separate class for treatment pursuant to 11 U.S.C. §1322(b) and §1329(a). NOTE: NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327 AND CONFIRMATION OF THE PLAN WILL BE CONSIDERED A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM UNDER 11 U.S.C. § 506(a). Payment schedule shown is an estimate only and may be modified by payments under paragraph 5 of this plan.

| Creditor | Claim Amount | Secured Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. N/A | | | | | | |
| b. | | | | | | |
| c. | | | | | | |
| d. | | | | | | |
| e. | | | | | | |
| f. TOTAL | | | | | | |

8. **SEPARATE CLASS OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 9, there shall be a separate class of nonpriority unsecured creditors described as follows: N/A
   a. The debtor estimates that the total claims in this class are $-0-.
   b. The trustee will pay this class $-0-.
9. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 5, 6, 7, and 8 their estimated pro rata share $13,564.
   a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 7 are $-0-.
   b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 7 and ¶ 8) are $13,564.
   c. Total estimated unsecured claims are $13,564 [line 9(a) + line 9(b)].
10. **OTHER PROVISIONS** — Debtor submits all future earnings or other income to such supervision or control of the trustee as is necessary for the execution of the plan. Property of the estate shall vest in the debtor upon dismissal, conversion, or discharge. Funds withheld under ¶ 2 and not applied to trustee's fee to be disbursed at trustee's discretion.
11. **SUMMARY OF PAYMENTS**

| | |
|---|---|
| Trustee's Fee [Line 2] | $1,970 |
| Priority Claims [Line 3(e)] | $1,250 |
| Home Mortgage Defaults [Line 5(d)] | $10,000 |
| Long-Term Debt Defaults [Line 6(c)] | -0- |
| Other Secured Claims [Line 7(f)] | -0- |
| Separate Class [Line 8(b)] | -0- |
| Unsecured Creditors [Line 9] | $17,080 |
| TOTAL: | $30,300 |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*

Ian Traquair Ball, #4285
12 South Sixth Street, Suite 326
Minneapolis, MN 55402
Tel: (612) 338-1313

Signed _____
Debtor

Signed _____
Debtor (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

JEFFREY J. PEARSON

6741 Sheridan Avenue South
Richfield, MN 55423

Last 4 Digits of SSN: 6356

                Debtor(s).

NOTICE OF PRECONFIRMATION
CHAPTER 13 MODIFIED PLAN

BKY 05-49572

TO: Jasmine Z. Keller, Chapter 13 Trustee; and other parties in interest:

PLEASE TAKE NOTICE that on February 16, 2006, at 10:30 a.m., in Courtroom 8 West, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, the Court will hold a hearing on the proposed modified plan of the above-named debtor(s). A copy of the modified plan, dated December 19, 2006, is attached to the notice.

                                               /s/ Ian Traquair Ball
                                               Ian Traquair Ball, #4285
                                               Attorney for Debtor(s)
                                               12 South 6th St., #326
                                               Minneapolis, MN 55402
                                               Tel: (612) 338-1313

Dated: January 13, 2006

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

---

In re:

JEFFREY J. PEARSON,

    Debtor(s).

**CERTIFICATE OF SERVICE**

BKY 05-49572

---

    I, Cynthia P. Tibesar, declare under penalty of perjury that on January 24, 2006, I mailed copies of the foregoing Notice of Preconfirmation Chapter 13 Plan to each entity named below at the stated addresses.

Jasmine Z. Keller
Chapter 13 Trustee
310 Plymouth Building
12 South 6th Street
Minneapolis MN 55402

United States Trustee
1015 US Courthouse
300 South 4th Street
Minneapolis MN 55415

Jeffrey J. Pearson
6741 Sheridan Avenue South
Richfield, MN 55423

                              (SEE ATTACHED LIST)

Dated: January 24, 2006

                                                          *Cynthia P. Tibesar*

ACTION CARD
PO BOX 790211
ST LOUIS MO 63179 0211

ALLIED WASTE INC
CO ALT RECEIVABLE SOL
PO BOX 478
ROSEMOUNT MN 55068

ASPIRE VISA
PO BOX 105555
ATLANTA GA 30348 5555

CENTER POINT ENERGY
PO BOX 1297
MINNEAPOLIS MN 55484 9477

CITY OF RICHFIELD
6700 PORTLAND AVE S
RICHFIELD MN 55423 2599

HOUSEHOLD BANK
CO GURSTEL LAW FIRM
401 N 3RD ST STE 590
MINNEAPOLIS MN 55401 5009

HOUSEHOLD MASTERCARD
HSBC CARD SERVICES
PO BOX 80084
SALINAS CA 93912 0084

MARSHALL FIELDS
CO MEYER AND NJUS
200 S 6TH ST STE 1100
MINNEAPOLIS MN 55402

NEXTEL COMMUNCIATIONS
CO DUNSDEMAND
4836 BRECKSVILLE RD
RICHFIELD OH 44286

PROGRESSIVE AUTO INS
DEPT 0561
CAROL STREAM IL 60132 0561

TCF BANK
PO BOX 1485
MINNEAPOLIS MN 55480

TIME WARNER CABLE
801 PLYMOUTH AVE N
MINNEAPOLIS MN 55411 4233

US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

US BANK
PO BOX 790084
ST LOUIS MO 63179 0084

US BANK HOME MORTGAGE
PO BOX 20005
OWENSBORO KY 42304

VERIZON WIRELSS
777 BIG TIMBER RD
ELGIN IL 60123

WASTE MANAGEMENT
2421 W PERIA AVE STE 210
PHOENIX AZ 85029

XCEL ENERGY
1518 CHESTNUT AVE N
MINNEAPOLIS MN 55403